Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| NELSON DE JESÚS TORRES<br><br>Recurrida<br><br>v.<br><br>BLANCA TORRES BATISTA<br><br>Peticionaria | KLCE202500626 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de TOA BAJA<br><br>Caso Núm.:<br>BYL2842025-8466<br><br>Sobre:<br>Ley Núm. 284-1999, Ley Contra el Acecho en Puerto Rico, según enmendada por la Ley |
|---|---|---|

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de junio de 2025.

El 5 de junio de 2025, Blanca Torres Batista (en adelante, la peticionaria o Torres Batista) presentó ante este Tribunal de Apelaciones una *Urgente Petición de Certiorari* mediante la cual nos solicitó la revisión judicial de varias determinaciones judiciales emitidas por el Tribunal de Primera Instancia, Sala Municipal de Toa Baja (en adelante TPI o foro primario). En su escrito consigna que las resoluciones cuya revisión solicita son: Orden de Protección Ex Parte (1 de mayo de 2025, caso **BYL2842025-8466**); Orden de Protección (6 de mayo de 2025, caso **BYL284-2025-8466**; y Resoluciones del 6 de mayo de 2025 (casos **BYL1402520-9209** y **BYL1402025-9223**).

Estudiado el legajo, y por las razones que más adelante daremos, nos vemos en la obligación de desestimar el recurso de epígrafe por falta de jurisdicción. Así pues, conforme nos autoriza a hacer la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, **dejamos sin efecto** la *Resolución*

Número Identificador

RES2025 _____

que emitimos el pasado 9 de junio de 2025 y prescindimos de la comparecencia de la parte recurrida.

**-I-**

Tal cual surge del expediente, el 1ro de mayo del año en curso, el foro primario expidió en el caso **BYL2842025-8466** una *Orden de Protección Ex Parte al Amparo de la Ley contra el Acecho en Puerto Rico* en favor del recurrido.[1] Surge del documento, que De Jesús Torres compareció ante el tribunal y solicitó una orden de protección contra la peticionaria. Alegó ser víctima de acecho por parte de Torres Batista pues esta última intencionalmente o a sabiendas de que razonablemente la parte peticionaria podría sentirse intimidada, ha manifestado un patrón consistente en amenazas, persecución u hostigamiento para atemorizarle, que podría causar daños a su persona, a sus bienes, a miembros de su familia o a sus bienes.

Como parte de las determinaciones de hechos emitidas por el TPI ese día, se estableció que "[l]a querellada es vecina inmediata del querellante. Querellada lo ha traído al tribunal por una colindancia. Le ha hecho varias querellas en OGP. Le envía carta a su casa. Querellada entra sin permiso a la residencia del Querellante utilizando el pasillo como entrada. L[e] ha roto trimmers que estaban en el pasillo (closet) le han gua[y]ado la guagua. Querellada no le deja tranquilo. Se emite orden de protección ex parte."

En virtud de tales determinaciones, el Tribunal determinó que el recurrido demostró que existía una probabilidad sustancial de riesgo inmediato a su seguridad o a la seguridad de algún miembro de su familia y que el dar notificación previa a la peticionaria provocaría el daño irreparable que se intentaba prevenir al solicitarse la protección del tribunal. Así pues, se le ordenó a Torres Batista, entre muchas cosas, a

---

[1] Allí se dispuso que la orden expedida tendría vigencia desde el día de su expedición hasta el 6 de mayo de 2025.

abstenerse de penetrar o acercarse al hogar del recurrido o los familiares de este, así como de intentar tener cualquier contacto con este o su familia. Asimismo, se le ordenó a comparecer ante el tribunal el 6 de mayo de 2025 a las 9:30 a.m.

El 6 de mayo de 2025, el TPI emitió una nueva *Orden de Protección* a favor del recurrido. Allí, el foro primario reprodujo las alegaciones levantadas en contra de la peticionaria y formuló las mismas determinaciones de hechos. Esta nueva orden tendría vigencia de doce (12) meses.[2]

En esa misma fecha, en el caso **BYL1402025-9209** bajo la Ley 140 sobre estado provisional de derecho, el TPI dictó una *Resolución* en la que se hace constatar que el recurrido presentó una Querella contra la peticionaria. De igual manera, y luego de haber evaluado el testimonio vertido en la vista, el foro primario ordenó que cualquier comunicación entre las partes se haga a través de abogados y que el pasillo entre las residencias de las partes sería cerrado con candado. De igual forma, el TPI estableció el estado provisional de derecho entre las partes. Al hacerlo, estableció entre muchas normas, que (1) las partes no se acercarían la una a la otra; (2) las partes no harían comentarios la una sobre la otra; (3) cualquier controversia entre las partes se dilucidaría en un foro legal formal adecuado; (4) las partes no harían comentarios a terceros sobre la otra parte, ni hablarían con terceras personas del procedimiento judicial y otras. Esta *Resolución,* según se determinó tendría una vigencia de 12 meses.

De otro lado, ese día también en el caso **BYL1402025-9223** bajo la Ley 140 sobre estado provisional de derecho el TPI dictó una *Resolución sobre Archivo de Petición u Orden de Protección*. Allí, declaró No Ha Lugar la petición de orden de protección presentada por la peticionaria contra el

---

[2] Cabe destacar que según se indicó en el formulario, la peticionaria acudió a la audiencia por derecho propio.

recurrido. Según allí se explicó, "la prueba presenta y creída por el tribunal no configura los elementos por ley para expedir el remedio solicitado."

Según mencionamos, la peticionaria está inconforme con estas determinaciones y recurrió ante nos para su revisión judicial mediante la *Urgente Petición de Certiorari* de epígrafe. En esta, señaló la comisión de siete (7) errores. Estos fueron:

> ERRÓ EL TRIBUNAL AL EMITIR Y EXTENDER UNA ORDEN DE PROTECCIÓN BAJO LA LEY 284-1999 SIN NOTIFICAR A LA PETICIONARIA, VIOLANDO SU DERECHO FUNDAMENTAL AL DEBIDO PROCESO DE LEY, CONSAGRADO EN EL ARTÍCULO II, SECCIÓN 7 DE LA CONSTITUCIÓN DE PUERTO RICO Y LA 14TA ENMIENDA DE LA CONSTITUCIÓN DE ESTADOS UNIDOS.

> ERRÓ EL TRIBUNAL AL EMITIR UNA ORDEN DE PROTECCIÓN EX PARTE MOTU PROPRIO, ANTES DE LA PRESENTACIÓN DE LA PETICIÓN FORMAL, ACTUANDO ULTRA VIRES Y EN VIOLACIÓN DE LA LEY 284-1999.

> ERRÓ EL TRIBUNAL AL EMITIR Y EXTENDER UNA ORDEN DE PROTECCIÓN SIN EVIDENCIA DE UN PATRÓN DE ACECHO, INCUMPLIENDO LOS REQUISITOS SUSTANTIVOS DE LA LEY 284-1999.

> ERRÓ EL TRIBUNAL AL DENEGAR A LA PETICIONARIA EL DERECHO A PRESENTAR EVIDENCIA RELEVANTE, VIOLANDO SU DERECHO A UN PROCESO JUSTO.

> ERRÓ EL TRIBUNAL AL DEMOSTRAR PARCIALIDAD Y PREJUICIO EN FAVOR DEL SEÑOR DE JESÚS, COMPROMETIENDO LA IMPARCIALIDAD JUDICIAL, COMO EVIDENCIAN SUS ACCIONES EN LA VISTA DEL 6 DE MAYO DE 2025 ([00:35:34], [00:39:00])

> ERRÓ EL TRIBUNAL AL ABUSAR DE SU DISCRECIÓN AL DESESTIMAR LA QUERELLA DE LA PETICIONARIA Y EMITIR RESOLUCIONES DESPROPORCIONADAS BASADAS EN EVIDENCIA INSUFICIENTE.

> ERRÓ EL TRIBUNAL AL IMPONER UN ESTADO PROVISIONAL DE DERECHO QUE PERPETÚA LA OBSTRUCCIÓN DE LA PROPIEDAD DE LA PETICIONARIA, CONTRAVINIENDO EL PROPÓSITO DE LA LEY 140-1974.

Por las propias expresiones de la peticionaria, conocemos que esta recurre de al menos **(4) dictámenes judiciales distintos**. Una lectura de su escrito, de los señalamientos de error que hizo y la discusión que efectuó de los mismos así lo constatan. Queda claro pues que el contexto fáctico presente en el caso de autos es similar al de M-Care Compounding et al. v. Depto. De Salud, 186 DPR 159 (2012). Allí, nuestro Tribunal Supremo resolvió que no se podía presentar recursos conjuntos para revisar resoluciones administrativas de casos diferentes, debiéndose revisar cada

resolución mediante la presentación de un recurso de revisión por separado y con la cancelación de los respectivos aranceles.

Es importante señalar que si bien al resolver el citado caso nuestro más alto foro hizo alusión a los recursos de revisión administrativa, nada impide que por analogía se aplique la decisión a recursos de otra naturaleza como lo es el de epígrafe. Así, aunque a diferencia de la jurisprudencia citada, en el caso de autos es una sola parte quien recurre ante nos, la realidad es que, **mediante la presentación de un solo recurso, la peticionaria pretende que revisemos distintas determinaciones judiciales emitidas en diferentes casos**, lo que no le es permitido.

La jurisdicción, como es sabido, se refiere al poder o a la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Por ello, los tribunales deben ser guardianes celosos de su jurisdicción y velar por que los recursos se perfeccionen de forma que les sea posible atenderlo. Un tribunal carece de discreción para asumir jurisdicción donde no la tiene.[3] Toda cuestión jurisdiccional debe resolverse con preminencia y cuando un tribunal determina que no tiene jurisdicción sobre la materia, está obligado a desestimar el caso sin entrar en los méritos de la cuestión ante sí. *Íd.*, al citar a <u>González v. Mayagüez Resort & Casino</u>, 176 DPR 848, 854, 856 (2009).

Las circunstancias arriba consignadas revelan que el recurso de epígrafe no ha sido perfeccionado conforme el estado de derecho vigente. Ello causa que carezcamos de jurisdicción para atenderlo.

**-IV-**

Por las razones antes expuestas, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

---

[3] <u>Municipio de Río Grande v. Adquisición de Finca 27.661 de la Urb. Industrial Las Flores</u>, 2025 TSPR 36, 215 DPR ____, al mencionar a: <u>Ruiz Camilo v. Trafon Group, Inc.</u>, 200 DPR 254, 267 (2018); <u>Pérez Soto v. Cantera Pérez, Inc. et al.</u>, 188 DPR 98, 105 (2013) y <u>S.L.G. Szendrey-Ramos v. F. Castillo</u>, 169 DPR 873, 882 (2007).

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones